UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SARA MAMMARELLA | * | NO. 18-14238 |
| | * | |
| VERSUS | * | SECTION: "J" 03 |
| | * | |
| THE CITY OF NEW ORLEANS | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**MOTION TO COMPEL**
**IN-PERSON DEPOSITION AND INTERROGATORY VERIFICATION**

NOW INTO COURT, through undersigned counsel, comes Defendant, the City of New Orleans (the "City"), which files this Motion to Compel plaintiff Sara Mammarella ("Plaintiff") to appear in New Orleans for an in-person deposition and to provide verifications to her interrogatory responses. Because this case has a December 5, 2019 discovery and deposition deadline (*see* Rec. doc. 15), the City is filing a Motion for Expedited Consideration contemporaneously with the present Motion to Compel.

On November 1, 2019, when it was still awaiting overdue written discovery responses, the City requested dates to depose Plaintiff in New Orleans. Though counsel for Plaintiff initially indicated that Plaintiff, who resides in Florida, might be available in New Orleans in mid-November, he later stated she would only be available to be deposed by phone. In subsequent emails and a phone call, counsel for Plaintiff relayed his belief that Plaintiff should not have to appear in person and that the deposition could be taken remotely using video, but counsel for the City disagreed. In order to discuss setting Plaintiff's deposition, as well as the missing verification to Plaintiff's interrogatory responses that were provided on November 13, 2019,[1] on Monday

---

[1] Exh. 1, Sara Mammarella's First Set of Responses to City of New Orleans First Set of Discovery Requests.

1

November 18, 2019, counsel for the City requested a discovery call for Wednesday afternoon.[2] Counsel for Plaintiff indicated he was not available until the following Monday afternoon.[3] Counsel for the City responded that there were time concerns, and asked for ten minutes before Friday, November 22, 2019, but counsel for Plaintiff had not responded by the time of the filing of this Motion.[4] The City therefore files the present Motion with a request for expedited consideration.

The City is entitled to the general presumption that a plaintiff should make herself available in the forum where the suit was brought, absent a specific showing of hardship that would warrant a remote deposition. *E.g.*, *Sieber v. Delta Air Lines, Inc.*, No. 17-13024, 2019 WL 2067540, at *1 (E.D. La. May, 9, 2019). No such hardship exists here. Additionally, Plaintiff is required under Federal Rule of Civil Procedure 33 to sign or verify her interrogatory responses, which she has not done.

Accordingly, for the reasons more fully discussed in the accompanying memorandum, the City respectfully requests that the Court order Plaintiff to appear in-person for a deposition in New Orleans, on a date to be determined by the Court, and to provide a verification for her interrogatory responses.

---

[2] Exh. 2, Email chain between E. Therio and G. Hair.
[3] *Id.*
[4] *Id.*

Respectfully submitted,

 /s/ _Erica A. Therio_____
**ERICA A. THERIO, LSB# 34115**
ASSISTANT CITY ATTORNEY
**ISAKA WILLIAMS, LSB# 29704**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
DEPUTY CITY ATTORNEY
**CHURITA J. HANSELL, LSB #25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
SR. CHIEF DEPUTY CITY ATTORNEY
**SUNNI J. LEBEOUF, LSB #28633**
CITY ATTORNEY
1300 PERDIDO ST., STE. 5E-03
NEW ORLEANS, LA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
*Counsel for the City of New Orleans*