**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SARA MAMMARELLA** | * | **NO. 18-14238** |
| | * | |
| **VERSUS** | * | **SECTION: "J" 03** |
| | * | |
| **THE CITY OF NEW ORLEANS** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
### IN-PERSON DEPOSITION AND INTERROGATORY VERIFICATION

Defendant, the City of New Orleans (the "City") files this motion to compel plaintiff Sara Mammarella ("Plaintiff") to appear in New Orleans for an in-person deposition and to provide a verification for her interrogatory responses.

### BACKGROUND

In the early morning hours of January 28, 2018, Plaintiff's car went off the road and struck an utility box at Lakeshore Drive and Lake Marina Avenue in New Orleans. A passerby called New Orleans EMS was called to the scene, where the EMS treated Plaintiff, but Plaintiff refused transport to the hospital and signed an "Against Medical Advice" refusal. (*See* Rec. Doc. 1, ¶¶9-12.)  An officer from the New Orleans Police Department ("NOPD") also came to the scene, and asked Plaintiff multiple times if she wanted to go with EMS to the hospital, but she refused. In the course of this conversation, the NOPD officer observed Plaintiff had glossy eyes, slurred speech, swaying stance, and the odor of alcoholic beverage on her breath. Plaintiff also admitted in this conversation to drinking alcoholic beverages earlier in the night.  The NOPD officer handcuffed Plaintiff and placed her in the police car while he completed paperwork so he could transport her to the DWI office. Plaintiff began requesting medical attention, so NOPD officers at the DWI

1

office called for EMS to come out to that facility, which they did. Plaintiff refused to perform any sobriety tests or take a breathalyzer test, but based on the officers' observations and the smell of alcohol on her breath, officers charged Plaintiff with DWI. She was then transported to University Medical Center for medical assessment before being taken to central lockup.

In this suit, Plaintiff, a Florida resident, brings § 1983 claims against the City, alleging her Fourteenth Amendment right was violated because the City denied her "immediate and proper medical care" when requested. (Rec. doc. 1, ¶¶7, 25-27.) Plaintiff also alleges that her Fourth Amendment right was violated because she "was seized and arrested at the scene of the crash, with no reasonable suspicion or probable cause." (*Id.* at ¶29.) Plaintiff finally alleges that her Fourteenth Amendment right was violated because she was not allowed to contact an attorney or "seek advice from counsel while being arrested." (*Id.* at ¶30.)  Plaintiff also brings negligence claims and alleges her rights under HIPAA were violated.  (*Id.* at ¶¶31-39.)

On September 20, 2019, the City sent its First Set of Discovery Requests to Plaintiff. The City checked in on the overdue responses on November 1, 2019, and also requested dates Plaintiff was available to be deposed before the December 5, 2019 discovery cutoff. (*See* Scheduling Order, Rec. doc. 15.) Having received no response, the City set a discovery conference for November 4, 2019. That conference was held and counsel for Plaintiff stated discovery responses would be sent by November 12, 2019, and that Plaintiff might be in town from Florida in mid-November. The City followed up asking for available dates. In response, counsel for Plaintiff said he would get dates Plaintiff would be available, but by telephone. The City advised it wanted an in-person deposition because the City would need to use video recordings in the deposition. Counsel for the City and Plaintiff have since gone back and forth multiple times regarding an in-person deposition of Plaintiff, both in emails and on a second discovery call, with counsel for Plaintiff indicating that

the request is improper, that it is an attempt to harm Plaintiff, and that video clips could be shown remotely through the use of technology. And though Plaintiff provided the discovery responses on November 13, 2019, they did not include a verification for the interrogatory responses.[1]

In light of the impending December 5, 2019 deposition and discovery cutoff date, counsel for the City reached back out to counsel for Plaintiff on Monday, November 18, 2019, and asked to have a discovery call on Wednesday, November 20, 2019, to again discuss setting the deposition, as well as the missing verification (which had already been requested via email on Friday, November 15, 2019, with no response), and other discovery issues.[2] Counsel for Plaintiff responded at approximately 5 p.m. that Monday afternoon was the only time in the next week he had available.[3] Counsel for the City responded that there were time concerns in this case, and asked if he had ten minutes to discuss before Friday.[4] As of the filing of this motion on Friday, November 22, 2019, no response has been received. The City files the present Motion and is requesting it be considered on an expedited basis because of the impeding deposition and discovery deadline on December 5, 2019.

## LAW AND ARGUMENT

### A. Plaintiff Should Be Compelled to Appear In-Person in New Orleans to Be Deposed.

Federal Rule of Civil Procedure 30 states that "[a] party may, by oral questions, depose any person, including a party, without leave of court."  Rule 30 does not state where a party's

---

[1]  Exh. 1, Sara Mammarella's First Set of Responses to City of New Orleans First Set of Discovery Requests.

[2]  Exh. 2, Email chain between E. Therio and G. Hair.  Additional issues the City wished to discuss included: (1) the fact that documents listed on Plaintiff's Exhibit List, filed November 16, 2019 (rec. doc. 17), appear to relate to Plaintiff's claimed damages but were not referenced or produced in her discovery responses that requested all documents related to her damages; and, (2) when the City could expect to receive Plaintiff's 2017 taxes, a copy of which Plaintiff stated she was trying to unlock, and which are relevant to Plaintiff's claimed damages of lost wages. These issues still need to be resolved, but are not the subject of this Motion because there has not been an opportunity to first raise them with counsel for Plaintiff.

[3]  *Id.*

[4]  *Id.*

deposition must take place, but courts have acknowledged that, "[a]s a general rule, a plaintiff will be required to make himself available for examination in the forum in which suit was brought." *Birkland v. Courtyards Guest House*, No. 11-0349, 2011 WL 4738649, at *2 (E.D. La. Oct. 7, 2011). Under Rule 30(b)(4), a court may order a deposition be taken by telephone or other remote means, but "[t]he ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship." *Id.* (citations omitted). Accordingly, "absent a specific showing of hardship tied to an individual's circumstances, an order requiring that the deposition of an out-of-town plaintiff be taken remotely is not warranted." *Sieber v. Delta Air Lines, Inc.*, No. 17-13024, 2019 WL 2067540, at * 1 (E.D. La. May, 9, 2019) (citing *Birkland*, 2011 WL 4768649, at *2); *see also Water Quality Ins. Syndicate v. First Bank of Nigeria PLC*, No. 09-3751, 2011 WL 13202906, at *3 (E.D. La. May 5, 2011) ("[C]ourts ordinarily presume that a plaintiff must be deposed in the judicial district where the action was brought. . . . "[T]o overcome [that presumption], a foreign plaintiff must persuasively demonstrate that requiring him to travel to the forum district for his deposition would, for physical or financial reasons, be practically impossible, or that it would otherwise be fundamentally unfair.").

"In determining whether hardship is sufficient to require deposition by remote electronic means exists, courts consider the party's (1) age; (2) physical condition; (3) finances; and (4) other factors that might result in extreme hardship." *Sieber*, 2019 WL 2067540, at * 1. The City has not been made aware of any physical condition that would prevent Plaintiff from traveling from her residence in Boca Raton, Florida to New Orleans, Louisiana, and records indicate Plaintiff's age is 41, so that should not be an issue. It is also presumed Plaintiff will be able to appear in New

Orleans for her trial in February 2020. Further, Plaintiff's discovery responses indicate that she is not suffering from any financial hardship.[5]

The only argument invoked by Plaintiff for not appearing in person is the belief that the request is an attempt to harm her, in part because an attachment had previously been issued for Plaintiff's arrest due to a missed court date.  Upon information and belief, the attachment has been recalled.  Plaintiff's belief that the City wants her to appear in person for a deposition so that they can somehow harm her is not a legitimate showing of hardship.

By contrast, the City has compelling reasons for wanting to take Plaintiff's in-person deposition. Aside from wanting to preserve the "important aspect of discovery" that is observing a plaintiff as he or she answers deposition questions, *Birkland*, 2011 WL 4738649, at *2,  this case will largely involve the use of video and audio recordings.  Nearly all of the NOPD's encounters with Plaintiff that morning were captured on body camera video recordings.  In many instances, Plaintiff's claims in this suit and her discovery responses are inconsistent with what was captured on those recordings; Plaintiff also makes inconsistent statements at different points in the video footage.  Subsequent audio recordings of Plaintiff are also inconsistent with her claims and with the video footage from the morning in question.[6]

Given the inconsistent statements that must be challenged through use of multiple video and audio recordings, the City wishes to depose and observe Plaintiff in person in order to best defend the claims she had made against it, rather than attempting to play various types of

---

5   *See* Exh. 1 at p. 9 ("Ms. Mammarella stands to earn $300,000 in 2020.").
6   For example, Plaintiff told the responding NOPD officer following the accident that she did not know how the accident happened.  She then told her insurance company later that day or the next day that a black cat or animal darted in front of her car, causing the accident.  Her lawsuit, filed 11 months after the accident, stated that it was a single car accident where her car hydroplaned, and did not mention any animal.  Rec. doc. 1, ¶¶9-10.  An amended complaint filed over a year after the accident, as well as discovery responses given nearly two years after the accident, now state that another car was involved and she last remembers seeing headlights coming towards her.  Rec. doc. 12; Exh. 1 at p. 3.

recordings through a computer screen while trying to view her reactions and responses. The general presumption is that a defendant may depose a plaintiff in person in the forum in which the suit was brought, and Plaintiff here has demonstrated no legitimate showing of hardship that would prevent her from traveling from Florida to New Orleans to appear for a deposition. Counsel for the City has requested dates for an in-person deposition since November 1, 2019, when it was still awaiting overdue discovery responses. The last request to discuss the issue was November 18, 2019, but counsel for Plaintiff conveyed that he did not have time until the following week, which would further cut the time before the December 5 deposition cutoff. The City therefore now requests that the Court compel Plaintiff to appear for a deposition in New Orleans, on a date to be determined by the Court.

### B. Plaintiff Must Provide a Verification For Her Interrogatory Responses.

Pursuant to Federal Rule of Civil Procedure 33, interrogatories must be answered "by the party to whom they are directed," and "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." "Courts have construed the Rule 33 signing requirement rigidly." *Lackey v. SDT Waste and Debris Servs.*, No. 11-1087, 2013 WL 5772325, at *5 (E.D. La. Oct. 23, 2013).

Rule 33(b) is clear that the person answering the interrogatories, and not their counsel, must provide a verified signature to interrogatories. *Id.* (citing *Entergy La., Inc. v. Nat'l Union Fire Ins. Co.*, No. 98-219, 1999 WL 239511, at *2 (E.D. La. Apr. 21, 1999) ("Defendants are incorrect in their assertion that the Rule 26(g)(2) signature of counsel somehow supplants the separate verification requirement of Rule 33(b)(1) and (2). Defendants must provide the Rule 33(b) verification of interrogatory answers, signed under oath by authorized representatives of each [corporate] defendant, not by its counsel.") (citation omitted); *see also LeLeux-Thubron v. Iberia*

6

*Parish Govt.*, No. 13-00852, 2015 WL 5519231, at * 3 (W.D. La. Sept. 16, 2015) ("[T]he answers to interrogatories contain objections that defense counsel was permitted to sign. Defendants, however, are in violation of Rule 33(b)(5) in that the answers were not signed by the parties. Defendants must provide the Rule 33(b) verification of their interrogatory answers, signed under oath by each defendant, not by their counsel."); *Pain Clinic, Inc. v. Bankers Ins. Co.*, No. 06-4572, 2007 WL 9780346, at *12 (E.D. La. Mar. 19, 2007) ("I also note that defendant's answers to plaintiff's first set of interrogatories were <u>not</u> signed under oath by the person answering them, as required by Fed. R. Civ. P. 33(b)(2).  Accordingly, defendants must provide the verification within ten (10) days of entry of this order.").

Plaintiff's responses to the City's First Set of Discovery Requests, which included Interrogatories, did not have Plaintiff's signature or verification.[7]  The City therefore requests that the Court order Plaintiff to verify her interrogatory responses.

<u>**CONCLUSION**</u>

For the reasons discussed above, the City requests that the Court order Plaintiff to appear in-person for a deposition in New Orleans, on a date to be determined by the Court, and to provide a verification for her interrogatory responses.

---

[7]  Exh. 1, Sara Mammarella's First Set of Responses to City of New Orleans First Set of Discovery Requests.

Respectfully submitted,

 */s/ _Erica A. Therio_____

**ERICA A. THERIO, LSB# 34115**
ASSISTANT CITY ATTORNEY
**ISAKA WILLIAMS, LSB# 29704**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
DEPUTY CITY ATTORNEY
**CHURITA J. HANSELL, LSB #25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
SR. CHIEF DEPUTY CITY ATTORNEY
**SUNNI J. LEBEOUF, LSB #28633**
CITY ATTORNEY
1300 PERDIDO ST., STE. 5E-03
NEW ORLEANS, LA 70112
TELEPHONE:  (504) 658-9800
FACSIMILE:  (504) 658-9868
*Counsel for the City of New Orleans*