UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SARA MAMMARELLA | * | NO. 18-14238 |
| | * | |
| VERSUS | * | SECTION: "J" 03 |
| | * | |
| THE CITY OF NEW ORLEANS | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
IN-PERSON DEPOSITION AND INTERROGATORY VERIFICATION**

Defendant, the City of New Orleans (the "City") files this reply memorandum in support of its motion to compel plaintiff Sara Mammarella ("Plaintiff") to appear in New Orleans for an in-person deposition. Plaintiff has provided a verification for her interrogatory responses, mooting that issue. However, though they are mostly irrelevant to the motion to compel and to Plaintiff's Complaint, the City feels it necessary to clear up certain assertions in Plaintiff's opposition.

The civil litigation department of the City Attorney's office does not work in conjunction with the prosecutorial Municipal/Traffic unit. With respect to Plaintiff, the civil litigation department of the City Attorney's office has only communicated with the Municipal/Traffic unit, which operates out of a completely separate location, to request documents and information relevant to the present suit alleging constitutional violations. Undersigned counsel is not seeking to schedule Plaintiff's in-person deposition in an attempt to trick her into being arrested in connection with her underlying charges. And, as Plaintiff acknowledges, there is no longer an active attachment.

In an attempt to properly address the allegations in Plaintiff's opposition, the following information has been obtained from the Municipal/Traffic unit of the City Attorney's office and

1

from the Clerk of Municipal and Traffic Court. The prosecutorial Traffic/Municipal unit of the City Attorney's office initially dismissed the charges against Plaintiff with a nolle prosequi on May 16, 2018. There are many reasons why charges may be dismissed through a nolle prosequi, including if witnesses or evidence is unavailable, but a dismissal is not a bar to subsequent prosecution "for the same offense or for a lesser offense based on the same facts," as long as the charges are brought within six months of the dismissal. La. Code Crim. Proc. arts. 576, 693. On September 13, 2018 – five months after it dismissed the charges – the Traffic/Municipal division filed a Bill of Information because it felt the same facts warranted prosecution. After the Bill of Information was filed, Municipal and Traffic Court sent Plaintiff an order to appear in court for her arraignment on October 16, 2018. The Court itself, and not the Municipal/Traffic division of the City Attorney's office prosecuting the case, is responsible for notifying Plaintiff of her arraignment date. The order was served by the Orleans Parish Sheriff's Office to the Metairie address on file for Plaintiff from the original case. After Plaintiff did not appear on October 16, 2018, the Court sent a follow-up notice to Plaintiff's Metairie address notifying Plaintiff that she missed a court date and that there was a possibility of a warrant being issued for her arrest. On December 28, 2018, over three months after the charges were refiled, Plaintiff filed the present suit in this Court.

     As part of the investigation into the present lawsuit, undersigned counsel for the City contacted the Municipal/Traffic unit to see if Plaintiff's if and how charges had been resolved. Undersigned counsel was informed that that an attachment was being requested because Plaintiff had missed the October 2018 court date and because the one-year time limit for prosecuting a case is interrupted if an attachment is issued for non-appearance. *See* La. Code Crim. Proc. arts. 578-79. When undersigned counsel spoke with Plaintiff's civil counsel for the first time in this case,

she advised him of the existence of the attachment so that it could be addressed. Additionally, upon information and belief, the Court is the entity that communicates with the DMV about drivers' licenses. The Municipal/Traffic division of the City Attorney's office prosecuting a DUI has no involvement in contacting the DMV about the case.

The City is therefore not trying to make Plaintiff's life "as difficult as possible," "punish her for filing the instant suit," or take "further unwarranted criminal actions against her"; it is requesting to exercise what courts have recognized is an "important aspect of discovery which the Court will not modify except in cases of extreme hardship" – the "ability to observe a party as he or she answers deposition questions." *Birkland v. Courtyards Guest House*, No. 11-0349, 2011 WL 4738649, at *2 (E.D. La. Oct. 7, 2011) (citations omitted). Plaintiff must show specific hardship to invoke an order requiring a remote deposition. *Sieber v. Delta AirLines, Inc.* No. 17-13024, 2019 WL 2067540, *1 (E.D. La. May 9, 2019). The only legitimate claim of hardship raised in Plaintiff's opposition, which was not previously expressed to the City, is that it will be difficult for her to arrange care for her child. However, Plaintiff herself relates this concern to financial hardship,[1] after acknowledging that "finances are not at issue." (Rec. doc. 23, p. 4.)

Moreover, it cannot be denied that observing and interacting with a party in-person is different from observing them through a computer screen.[2] And the reliance of videos in this deposition, one of which is two hours and thirty-six minutes long, is further justification for an in-person deposition: (1) it will be difficult to question and observe Plaintiff on a computer screen

---

[1] Rec. doc. 23, pp. 4-5 "[E]ven if such care could be found, it would be costly. . . . [I]f she were to travel to Louisiana with her daughter, she would still incur great expense . . . ."

[2] The Eastern District has acknowledged that without a specific showing of hardship, "an order requiring that the deposition of an out-of-town plaintiff be taken *remotely* is not warranted." *Sieber v. Delta AirLines, Inc.* No. 17-13024, 2019 WL 2067540, *1 (E.D. La. May 9, 2019) (emphasis added). The Court in *Sieber* cited to *Birkland* for this proposition, but significantly the language in *Birkland* from "telephonically" to "remotely" to account for video depositions. *Id.*

split with the video; and (2) the potential for unnecessary technical difficulties and syncing delays can be avoided by Plaintiff taking a two-hour flight.

Plaintiff should therefore be compelled to appear in-person in New Orleans for a deposition, so the City does not have to compromise taking Plaintiff's deposition in the most effective way possible to defend itself against a suit filed by Plaintiff.

Respectfully submitted,

/s/ Erica A. Therio
**ERICA A. THERIO, LSB# 34115**
ASSISTANT CITY ATTORNEY
**ISAKA WILLIAMS, LSB# 29704**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
DEPUTY CITY ATTORNEY
**CHURITA J. HANSELL, LSB #25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
SR. CHIEF DEPUTY CITY ATTORNEY
**SUNNI J. LEBEOUF, LSB #28633**
CITY ATTORNEY
1300 PERDIDO ST., STE. 5E-03
NEW ORLEANS, LA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
*Counsel for the City of New Orleans*